IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Fernando F., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:22-cv-50303 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Fernando F. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his applications for a period of disability, disability insurance benefits, and supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is reversed, and the case is remanded.

**I. Background**

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on January 31, 2020, alleging a disability beginning on August 15, 2019, because of lumbar radical pain, lumbar spondylosis, failed back syndrome, and lower back pain. R. 55, 66. At the time of his alleged onset date, Plaintiff was 39. R. 66.

A remote hearing on Plaintiff's applications was held before an administrative law judge (ALJ) on November 10, 2021. R. 14. The ALJ heard testimony from Plaintiff and an impartial vocational expert (VE). R. 14. The ALJ issued a written decision on October 6, 2021, finding that

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 6.

Plaintiff was not disabled under the applicable sections of the Social Security Act and thus not entitled to benefits. R. 22.

At step one of the inquiry, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. R. 16. At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine status post fusion and failed back syndrome. R. 17. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. R. 17. The ALJ then found that Plaintiff had the residual functional capacity (RFC)

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can never climb ladders, ropes or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can occasionally operate foot controls with the left lower extremity. He should never be around unprotected heights; dangerous, heavy, moving machinery; and vibration. He should never operate commercial vehicles.

R. 17. Applying this RFC at step four, the ALJ concluded that Plaintiff could not return to his past relevant work. R. 20. At step five, the ALJ concluded that a significant number of jobs existed in the national economy that Plaintiff could perform, such as sorter, inspector, and final assembler. R. 21.

After the Appeals Council denied Plaintiff's request for review on July 29, 2022, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison*

2

*Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and [her] conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff argues that the ALJ erred by discounting his subjective complaints of pain without adequately explaining her conclusion and analyzing the evidence that supported Plaintiff's complaints. The Court agrees that the ALJ failed to adequately explain her conclusion that Plaintiff could work while seated for 6 hours per day despite Plaintiff's well-documented allegations that he suffered intense back pain from prolonged sitting that required him to change positions every 10 to 15 minutes.

**A. Plaintiff's Subjective Statements**

In December 2019, Plaintiff sought treatment from Frederick Gahl, M.D., for intense lower back pain. R. 343. Dr. Gahl reported that Plaintiff was "standing and walking and sitting with a painful face and fidgetiness and in obvious pain." R. 343. Plaintiff stated that his pain was associated with and aggravated by sitting, standing, walking, long car rides, and bending forward. R. 343–44.

In January 2020, Plaintiff met with Thomas Dahlberg, D.O., who reported that Plaintiff was "in some obvious distress due to pain" and "frequently pacing the room and having a difficult

3

time breathing." R. 353. Plaintiff stated that his pain was associated with and aggravated by sitting, standing, walking, long car rides, bending forward, and laying down. R. 353.

When Plaintiff attended a face-to-face interview at the Social Security Administration field office in February 2020, the interviewer observed that Plaintiff had difficulty sitting, standing, and walking and that he "looked like he was in a lot of pain during the interview" and "had to stand and use our walls as leverage to walk." R. 248. That same month, Plaintiff met with psychiatrist Marianne Geiger, M.D., who noted that Plaintiff was "in obvious significant physical pain." R. 362.

Plaintiff stated in his April 2020 function report: "If walking, sitting and standing for longer than 10–15 min I start getting painful spasms more so with standing and sitting." R. 250. Plaintiff reported that he rotated between walking, sitting, and laying down. R. 251. When asked about his abilities, Plaintiff again reported that his pain gets worse with sitting. R. 255.

Plaintiff underwent a consultative examination with Roopa K. Karri, M.D., in August 2020. R. 396. Dr. Karri observed: "[Plaintiff] was restless due to pain and was limping. He was able to get on and off the exam table. He could not sit or stand for a long time." R. 398.

At an initial evaluation for physical therapy in January 2021, Plaintiff told the physical therapist that he had "severe pain in his back and [left] leg which limits his ability to walk and move around, sitting for a longer time also hurts a lot." R. 405.

Plaintiff completed a second function report in February 2021, stating that he "can't sit/stand for more than 10 min" and that his pain gets worse with sitting. R. 275, 280. When asked to describe how he spent his days, he stated, "For most of the day, I am constantly switching positions sitting/standing/walking and laying flat on the floor." R. 276.

At the hearing in November 2021, Plaintiff testified that he can only sit or stand for about 10 to 15 minutes at a time. R. 43. Plaintiff further testified that he is constantly shifting between sitting, standing, and laying down on the floor. R. 44–45. At two points during the hearing, Plaintiff had to stand up from a seated position. R. 35, 40.[2] The ALJ and Plaintiff's counsel both asked the VE about alternating between sitting and standing; the VE testified that sitting for 15 minutes and then standing for 15 minutes would be work preclusive but sitting for 30 minutes and then standing for 5 minutes would not preclude Plaintiff from working in the jobs identified at step five. R. 51–53.

**B. The ALJ's Decision**

The ALJ summarized Plaintiff's subjective statements as follows:

> The claimant alleged disabling lumbar spondylosis and failed back syndrome. At the hearing, he testified that he was unable to work due to constant pain; he reported that he had difficulty with bending and kneeling and would need assistance to get back up. He previously underwent therapy and injections, but he reported that injections did not work. He reported that his back pain radiates to the shoulder, as well as the left leg and foot.

R. 18. At no point in the ALJ's decision did she mention Plaintiff's allegations that he had difficulty sitting for prolonged periods and needed to frequently change positions to alleviate his pain, nor did the ALJ mention Plaintiff's requests to alternate between standing and sitting during the hearing.

After summarizing the medical evidence, the ALJ provided the following analysis of Plaintiff's subjective statements:

> Considering SSR 16-3p, the claimant's statements about the intensity, persistence, and limiting effects of his symptoms are not

---

[2] On both occasions, Plaintiff asked the ALJ's permission before standing. R. 35, 40. On the second occasion, the ALJ told Plaintiff that he did not have to ask permission and could "just keep sitting or standing," R. 40, so it is unclear whether Plaintiff continued to alternate positions throughout the hearing.

5

> wholly consistent with the record. The undersigned acknowledges the claimant's constant pain despite extensive treatment and accordingly limits the claimant to sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can never climb ladders, ropes or scaffolds; he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl ([R. 316, 318–19, 326, 340, 351, 405, 421]). However, despite his usage of assistive device, there is no prescription; additionally, upon consultative examination, he did not need any assistive devices ([R. 359, 398]). Accordingly, he can occasionally operate foot controls with the left lower extremity. Considering his reported pain and numbness that radiates to his extremities, he should never be around unprotected heights; dangerous, heavy, moving machinery; and vibration; additionally, he should never operate commercial vehicles ([R. 313, 325, 377]).

R. 19.

Plaintiff argues that the ALJ's acknowledgement of his pain "has no attached analysis" and that "it is unknown why the ALJ believes that [Plaintiff] can maintain sedentary work while seated for at least 6 hours a day[3] when he could not sit for long during the consultative evaluation or during the hearing." Pl.'s Br. at 8, 10, Dkt. 12. Plaintiff argues that this lack of analysis warrants remand. The Court agrees.

An ALJ must justify her evaluation of a claimant's subjective symptoms with "specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). The ALJ must consider all of the record evidence regarding the claimant's symptoms, including daily activities, the severity of the symptoms, precipitating and aggravating factors, medication, and other treatment or measures used to relieve the symptoms. 20 C.F.R. § 404.1529(c)(3); SSR 16-3p, 2017 WL 5180304, at *7–8 (S.S.A. Oct. 25, 2017). "Because the ALJ is in the best position to determine a witness's truthfulness," an ALJ's subjective symptoms evaluation will not be

---

[3] Sedentary work is defined as work for which "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5 (S.S.A. 1983).

6

overturned "unless it is 'patently wrong,'" *Shideler v. Astrue*, 688 F.3d 306, 310–11 (7th Cir. 2012), which means it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008). Not all of the ALJ's reasons must be valid, "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (unpublished) (emphasis in original).

Here, the ALJ purported to acknowledge Plaintiff's pain but concluded that Plaintiff could sit for 6 hours in an 8-hour workday at a sedentary job. As such, the ALJ necessarily did not credit Plaintiff's allegation that his pain prevented him from sitting except in 10- to 15-minute increments spaced 10 to 15 minutes apart – approximately 4 hours in an 8-hour workday. Whether the ALJ discredited this allegation or simply overlooked it, she failed to justify her conclusion with specific reasons supported by the record. *See Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (noting that "a failure to adequately explain [a subjective symptoms evaluation] by discussing specific reasons supported by the record is grounds for reversal"). The ALJ's broad acknowledgement of Plaintiff's pain does not suffice; the ALJ was obligated to consider the effects of Plaintiff's pain on his ability to perform work functions such as sitting. *See Clark v. Saul*, 421 F. Supp. 3d 628, 634 (N.D. Ind. 2019) (remanding for new subjective symptoms evaluation when ALJ "noted ongoing fatigue" but "failed to analyze it with regards to [the plaintiff's] ability to function both physically and mentally"); *see also* 20 C.F.R. § 404.1529(c)(4) (ALJ must determine extent to which claimant's pain affects capacity to perform basic work activities).

In response to Plaintiff's argument that the ALJ provided no explanation for her subjective symptoms evaluation, the Commissioner emphasizes that a plaintiff's burden when challenging a subjective symptoms evaluation is high and an ALJ's duty to articulate a subjective symptoms evaluation is low. Def.'s Br. at 7–8, Dkt. 17. What the Commissioner does not do, however, is point to where the ALJ supplied specific reasons supported by the record for discrediting Plaintiff's

7

allegations with respect to prolonged sitting. The Commissioner cannot do this because the ALJ never addressed Plaintiff's alleged need to change positions and only mentioned his alleged difficulty sitting for prolonged periods once, when referring to Dr. Karri's observation that Plaintiff "could not sit or stand for a long time" at his consultative examination, a finding that *supports* Plaintiff's allegations. R. 19 (citing R. 398).

Instead, the Commissioner attempts to defend the ALJ's decision by claiming that the ALJ discredited Plaintiff's complaints by "pointing to normal findings that belie [his] most significant claims." Def.'s Br. at 8, Dkt. 17 (citing R. 18–20). This is not an accurate characterization of the ALJ's reasoning. Although the ALJ did refer to normal findings, such as 5/5 strength, normal flexion and extension in the lumbar spine, a full range of motion in his joints, and a sensory examination revealing intact findings of Plaintiff's lower extremities, R. 18–19, the ALJ never mentioned Plaintiff's claims with respect to sitting and changing positions, much less discredit those claims as inconsistent with these normal findings. The Commissioner's "attempt to supply a post-hoc rationale" for the ALJ's decision "runs contrary to the Chenery doctrine" and is improper. *Lothridge v. Saul*, 984 F.3d 1227, 1234–35 (7th Cir. 2021); *see also Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) ("Our review is limited also to the ALJ's rationales; we do not uphold an ALJ's decision by giving it different ground to stand upon.")

Even more fundamentally, the ALJ could not have discredited Plaintiff's claims solely by pointing to normal findings because an ALJ cannot disbelieve a claimant's allegations of physical pain solely because they seem in excess of the objective medical evidence. *Johnson v. Barnhart*, 449 F.3d 804, 806 (7th Cir. 2006); 20 C.F.R. § 404.1529(c)(2). Similarly, the fact that both state agency medical consultants opined that Plaintiff could perform sedentary work did not excuse the ALJ from conducting a proper subjective symptoms evaluation herself. *See Johnson*, 449 F.3d at

8

806 ("The etiology of pain is not so well understood, or people's pain thresholds so uniform, that the severity of pain experienced by a given individual can be 'read off' from a medical report."). Indeed, the entire purpose of a subjective symptoms evaluation is to determine whether a claimant's pain is disabling even when some findings might be normal and the state agency reviewing physicians suggest a less-restrictive RFC. *See* SSR 16-3p, 2017 WL 5180304, at *4 (recognizing that "some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence"). Because the ALJ's rejection of Plaintiff's allegations with respect to prolonged sitting lacked any explanation or support, the Court must remand for further explanation.

On remand, the ALJ must properly evaluate Plaintiff's complaints of extreme pain, particularly his allegations that he cannot sit for prolonged periods without changing positions, considering all relevant factors in 20 C.F.R. § 404.1529(c)(3). In light of the Court's remand for a new subjective symptoms evaluation, the Court need not address Plaintiff's remaining arguments. However, Plaintiff's counsel should raise all issues argued on appeal with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

9

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this opinion.

Date: July 14, 2023	By: _____
	Lisa A. Jensen
	United States Magistrate Judge